Filed 8/15/25  P. v. Pizana CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063132 |
| v. | (Super. Ct. No. 98CF3182) |
| CESAR ALFREDO PIZANA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed with limited remand.

Nancy Sanchez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Penal Code section 1170, subdivision (d)[1] allows a defendant to file a petition for recall and resentencing if he was under 18 years of age at the time of the crime for which he was sentenced to imprisonment for life without the possibility of parole (LWOP). A defendant is eligible to file this petition once he has been incarcerated for 15 years. (§ 1770 (d)(1)(A).)

Cesar Alfredo Pizana was sentenced to life in prison with the possibility of parole plus a consecutive term of 25 years to life, after a jury found him guilty of attempted murder. Pizana was 16 years old at the time of the offense. He was 18 years old at the time of sentencing.

In July 2023, Pizana filed a petition for recall and resentencing under section 1170 (d). The trial court denied it because it found Pizana was statutorily ineligible for relief given that he was not sentenced to LWOP or its functional equivalent, citing *People v. Heard* (2022) 83 Cal.App.5th 608, 612 (*Heard*) and this court's opinion in *People v. Perez* (2013) 214 Cal.App.4th 49, 57 (*Perez*).

Pizana's sentence is not LWOP or its functional equivalent. Pizana will be 51 years old when he would otherwise become eligible for parole. Under *Perez*, this means he will have "some meaningful life expectancy left" when he is eligible for release. (*Perez*, *supra*, 214 Cal.App.4th at p. 57.) Moreover, we recently concluded in *People v. Ortega* (2025) 111 Cal.App.5th 1252 (*Ortega*) that a defendant who is entitled to a youthful offender parole hearing under section 3051 is not serving the functional equivalent of LWOP per the California Supreme Court's ruling in *People v. Franklin* (2016) 63 Cal.4th 261, 279–280 (*Franklin*). We therefore affirm, but

---

[1] Further undesignated statutory references are to the Penal Code. We will generally omit the word "subdivision" and its abbreviation.

remand for the limited purpose of allowing Pizana to move for an evidence preservation proceeding under *Franklin*.

FACTUAL AND PROCEDURAL HISTORY

On October 23, 1998, the Orange County District Attorney's office filed a felony complaint against Pizana and codefendant David Caldera. The complaint alleged Pizana had—willfully, deliberately, and with premeditation—attempted to murder three people on July 6, 1998 using a firearm. The shooting was alleged to be gang related. Pizana was also charged with second degree robbery related to a separate incident taking place the same day, involving a fourth victim.

In the information filed March 2, 1999, the District Attorney charged Pizana with the following counts: (1)–(3) attempted murder with premeditation, (4) second degree robbery, and (9) unlawful taking of a vehicle.[2] Pizana was also charged with the following enhancements: in connection with counts one and two, personal infliction of great bodily injury (see § 12022.7); in connection with counts one and two, personal discharge of a firearm causing great bodily injury (see § 12022.53 (d)); and, in connection with count three, personal discharge of a firearm during the commission of the offense (see § 12022.53, (c)).

During Pizana's jury trial, he changed his plea from not guilty on count four to guilty. Thereafter, on May 16, 2000, Pizana was found guilty on counts one through three. The jury made true findings that the crimes were committed with premeditation, and that Pizana personally discharged a firearm under section 12022.53 (c) and (d). The court dismissed the

---

[2] The fifth through eighth counts of the information were alleged against Caldera.

3

enhancements under section 12022.7. Pizana was sentenced on June 30, 2000.

## DISCUSSION

### I.

### STANDARD OF REVIEW

Pizana argues the trial court erred in denying him relief under section 1170 (d) because his sentence is the functional equivalent of a LWOP sentence. "'"The proper interpretation of a statute is a question of law we review de novo."' [Citation.] . . . Whether [a] sentence is the functional equivalent of LWOP presents a question of law on undisputed facts, which we independently review." (*People v. Superior Court (Valdez)* (2025) 108 Cal.App.5th 791, 800.)

### II.

### AS A MATTER OF LAW, PIZANA IS NOT ENTITLED TO RECALL AND RESENTENCING UNDER SECTION 1170 (D) BECAUSE HE WAS NOT SENTENCED TO LWOP OR ITS FUNCTIONAL EQUIVALENT

Recall and resentencing relief is explicitly available under section 1170 (d)(1)(A) "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years . . ." The procedure was added to the determinate sentencing law effective January 1, 2013 in the wake of *Graham v. Florida* (2010) 560 U.S. 48 (*Graham*), in which the United States Supreme Court held that LWOP sentences for juvenile nonhomicide offenders were unconstitutional under the Eighth Amendment ban on cruel and unusual punishment. (See *Heard*, *supra*, 83 Cal.App.5th at p. 617.)

4

Effective January 1, 2014, section 3051 was added to the code to bring juvenile sentencing in line with recent high court precedents, including *Graham*, *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*), and *People v. Caballero* (2012) 55 Cal.4th 262. (See *Heard*, *supra*, 83 Cal.App.5th at p. 619.) Section 3051 now provides for a youth offender parole hearing to be held for juvenile offenders during their 15th, 20th, or 25th year of incarceration, depending on their offense and original sentence. (§ 3051, subd. (b)(1)–(4).) "Apart from the categories of offenders expressly excluded by the statute, section 3051 provides all juvenile offenders with a parole hearing during or before their 25th year of incarceration." (*Franklin, supra,* 63 Cal.4th at p. 278.) The *Franklin* court concluded the youthful offender parole hearing process moots any constitutional challenge to a juvenile offender's original sentence under *Miller*.[3] (*Id.* at p. 280.)

Since then, several courts, including ours, have had to decide how to apply *Franklin*'s holding, if at all, to a petition for recall and resentencing under section 1170 (d). In *Heard*, Division One of this court held that a juvenile offender was only eligible for relief under section 1170 (d) if he was sentenced to LWOP. (*Heard*, *supra*, 83 Cal.App.5th at p. 625.) However, the court also found that it violated equal protection for the Legislature to exclude non-LWOP offenders who had been given sentences lengthy enough to constitute the functional equivalent of LWOP. Consequently, those juvenile offenders originally sentenced to the functional equivalent of LWOP could also apply for section 1170 (d) relief. (*Heard* at pp. 633–634.) The *Heard*

---

[3] In *Miller*, the United States Supreme Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." (*Miller*, *supra*, 567 U.S. at p. 479.)

court did not think *Franklin* applied to moot the constitutional issue because section 1170 (d) explicitly uses the phrase "*was sentenced*." (*Heard*, at p. 629.) The court noted the procedure under section 1170 (d) is "a statutory resentencing opportunity, not a cure for *Miller* error." (*Ibid*.)

In our recently published opinion, *Ortega, supra*, 111 Cal.App.5th, we disagreed with *Heard*'s analysis, finding it inconsistent with *Franklin*. Other courts have agreed with *Heard*. (See *People v. Sorto* (2024) 104 Cal.App.5th 435, 453 (*Sorto*); *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653 (*Cabrera*).) And Division One of this court reaffirmed *Heard* in *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1059 (*Bagsby*).

In the present case, we can easily conclude Pizana is not entitled to section 1170 (d)(1)(A) relief, either as an LWOP offender or as a non-LWOP offender. He was not sentenced to the functional equivalent of LWOP. As we observed in *Perez*, "[t]here is a bright line between LWOPs and long sentences *with* eligibility for parole *if* there is some meaningful life expectancy left when the offender becomes eligible for parole." (*Perez, supra*, 214 Cal.App.4th at p. 57.) The defendant in *Perez* would have been eligible for parole at age 47, and we found this was "by no stretch of the imagination" the functional equivalent of LWOP. (*Id*. at p. 58.)

Our high court clarified the matter in *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*), holding that a sentence of 50 years to life was the functional equivalent of LWOP because "the chance for release would come near the end of [the appellants'] lives," thus "'tend[ing] to reflect a judgment Rodriguez and Contreras are irretrievably incorrigible' and 'falling short of giving them the realistic chance for release contemplated by *Graham*.'" (*Id*. at p. 368.) *Contreras* explicitly refused to resolve the functional equivalence issue by "determining whether a term-of-years sentence is actuarially

equivalent to LWOP." (*Id.* at p. 364.) But we can say with some degree of confidence that a 50 years to life sentence for a juvenile offender would be circumspect.

In looking at the case law following *Contreras*, a pattern emerges like the one we observed in *Perez*. The defendants in cases in which a sentence was deemed the functional equivalent of LWOP were originally sentenced to terms outside the natural life expectancy of the defendant. In *Heard*, it was 23 years plus 80 years to life. (*Heard, supra,* 83 Cal.App.5th at p. 614.) In *Sorto*, it was 10 years plus 130 years to life. (*Sorto, supra,* 104 Cal.App.5th at p. 440.)[4] In *Bagsby*, it was 107 years to life. (*Bagsby, supra,* 106 Cal.App.5th at p. 1046.) In contrast, defendants in cases in which the court held the sentence was not the functional equivalent of LWOP were originally sentenced to far shorter terms. In *People v. Olmos* (2025) 109 Cal.App.5th 580, 583, it was 33 years to life. And in *Ortega*, it was 17 years plus 25 years to life. (*Ortega, supra* at p. 1256.)

Pizana's sentence of life plus 25 years to life falls in line with *Olmos* and *Ortega*. Inmates imprisoned for a life term with the possibility of parole are generally eligible for release after seven years, unless another law establishes a different minimum term before possible parole. (See § 3046, subd. (a)(1).) Seven years coupled with Pizana's 25 years to life sentence enhancement means he should at least be eligible for release after 32 years, or when he is approximately 51 years old.[5] We cannot say this sentence was

---

[4] The exception is *Cabrera*, in which the defendant was sentenced to 50 years to life—the same sentence determined to be unconstitutional in *Contreras*. (*Cabrera, supra*, 111 Cal.App.5th at p. 652.)

[5] Pizana asserts that he will not be eligible for parole until he is 60 years old, but we see no support for this in the record before us.

the functional equivalent of LWOP because it gives him a meaningful opportunity to "later demonstrate that he is fit to rejoin society." (*Graham*, *supra*, 560 U.S. at p. 79.)[6] As such, Pizana is not eligible for recall and resentencing under section 1170 (d).

To the extent Pizana is eligible for or is seeking a youthful offender parole hearing under section 3051, however, he is entitled to a *Franklin* hearing. (*Franklin*, *supra*, 63 Cal.4th at pp. 283–284.) At this hearing, he would be afforded the opportunity to make a record of information relevant to his youthful offender parole hearing.

## DISPOSITION

The judgment is affirmed. The matter is remanded for the limited purpose of permitting Pizana to file a motion for a *Franklin* proceeding to preserve evidence of youth-related factors for future parole hearings.


MOORE, ACTING P. J.

WE CONCUR:


DELANEY, J.


SCOTT, J.

---

[6] Because it is not relevant to our disposition of the appeal, we deny the Attorney General's request for judicial notice of an unpublished opinion pertaining to Pizana.